UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHANIEL L. HOLMES,<br><br>　　　　　*Defendant*. | Case No. 1:21-cr-00416-RDM-2 |

### NATHANIEL L. HOLMES'S MOTION TO SEVER COUNT 3

Mr. Holmes through his counsel respectfully moves this Court, pursuant to Federal Rules of Criminal Procedure 8(a) and 14, to sever the trial of counts 1 and 2 from the trial of Count 3 of the Indictment. In support of this motion, counsel submits the following.

### BACKGROUND

Mr. Holmes is charged in a three-count Indictment. Count One charges Mr. Holmes and two others with the kidnapping of another for an unspecified purpose, in violation of Title 18, United States Code, Section 1201(a)(1). Count Two charges Ms. Hawkins alone with kidnapping for the purpose of assaulting another. Count Three charges Mr. Holmes with First Degree Sexual Abuse, in violation of Title 22, District of Columbia Code, sections 3002(a)(1) and (a)(2). The crime charged in Count One shares no element with the crime charged in Count Three.

### ARGUMENT

Two or more offenses may be charged in the same indictment in a separate count for each offense if the offenses charged "are of similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The burden is on the government to produce or proffer facts to justify joinder. *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984). If the government cannot meet this burden, the Court must

1

sever the offenses and has no discretion to do otherwise. 1 Wright, Federal Practice and Procedure § 145 (1982) (if there has been misjoinder, trial court has no discretion to deny misjoinder motion).

Although Rule 8 allows an indictment to charge multiple counts in certain circumstances, Rule 14 imposes a separate duty on the court to sever the counts if joinder would result in prejudice: if the joinder of offenses … in an indictment … appears to prejudice a defendant or the government, the court may order separate trials of counts ….” Fed. R. Crim. P. 14. *See also Hill v. United States*, 418 F.2d 449, 450 (D.C. Cir. 1968) ("[A] proper joinder in the first instance under Rule 8(a) does not settle matters. The trial judge is under a 'continuing duty at all stages of the trial' to grant severance, on application by a defendant showing prejudice as required by Rule 14." (quoting *Schaffer v. United States*, 362 U.S. 511, 516 (1960)).

One danger of joinder is that criminal disposition and guilt may be inferred by the number and types of charges presented for the jury's consideration. Here the danger is apparent given the nature of charged conduct in Count Three – first degree sexual abuse.

> It is a principle of long standing in our law that evidence of one crime is inadmissible to prove *disposition* to commit crime, from which the jury may infer that the defendant committed the crime charged. Since that likelihood that juries will make such an improper inference is high, courts presume prejudice and exclude evidence of other crime unless that evidence can be admitted for some substantial, legitimate purpose. The same dangers appear to exist when two crimes are joined for trial, and the same principles of prophylaxis are applicable.

*Drew v. United States,* 331 F.2d 85, 89 (D.C. Cir. 1964). *See also United States v. Shelton*, 628 F.2d 54 (D.C. Cir. 1980) (same).

Joinder of offenses may prejudice a defendant in a variety of ways:

[a defendant] may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or guilt on the other crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately,

it would not so find.

*Johnson*, 829 F.2d at 1070 (quoting *Drew* 331 F.2d 85, 88). In Mr. Holmes' case, there is the very real danger that the jury will cumulate the evidence and will "find guilt when, if considered separately, it would not so find." *Id.* In fact, the jury could very easily conflate the two crimes and consider Mr. Holmes guilty of kidnapping T.L. for the purposes of sexual assault; a crime that is not, and could not, be properly charged.

There is also a grave risk that the jury would use the evidence that is only relevant to one set of charges to infer guilt of the other set of charges. That risk of prejudice is particularly high when joinder would otherwise allow the jury to consider the evidence of past crimes on counts for which the evidence would be inadmissible if tried separately. *Drew,* 331 F. 2d at 90.

In this case, the fact that the intent for the first count charged (kidnapping) could be extended to an intent to sexually assault the complainant is very real. There is a very real danger that the jury will misconstrue the crime charged in Count One, and the prejudice from Count Three will prejudice the jury against Mr. Holmes on Count One.

Finally, Mr. Holmes may wish to testify at trial regarding the sexual assault charge but may not wish to testify on the alleged charges of kidnapping or vice-versa depending on how the government's evidence comes in at trial.

> Prejudice may develop when an accused wishes to testify on one but not the other of two joined offenses, which are clearly distinct in time, place and evidence. His decision whether to testify will reflect a balancing of several factors with respect to each count: the evidence against him, the availability of defense evidence other than his testimony, the possible effects of demeanor, impeachment, and cross-examination. But, if the two charges are joined for trial, it is not possible for him to weigh these factors separately as to each count. If he testifies on one count, he runs the risk that any adverse effects will influence the jury's consideration of the other count. Thus, he bears the risk on both counts, although he may benefit on only one. Moreover, a defendant's silence on one count would be damaging in the face of his express denial of the other. Thus he may be coerced into testifying on the count upon which he wished to remain silent.

*Cross v. United States,* 335 F.2d 98 (D.C. Cir. 1964).

For these reasons, a severance is necessary. "[B]ecause of the unfavorable appearance of testifying on one charge while remaining silent on another, and the consequent pressure to testify as to all or none, the defendant may be confronted with a dilemma: whether, by remaining silent, to lose the benefit of vital testimony on one count, rather than risk the prejudice . . . that would result from testifying on the other." *Baker v. United States,* 401 F.2d 958, 976 (D.C. Cir. 1968). Should the Court require, counsel is willing to give the court an *ex parte* description of the vital testimony Mr. Holmes would give if the counts were severed at trial as requested.

## **CONCLUSION**

To avoid undue prejudice, Count One should be severed for trial from Count Three of the Indictment. That is the only way to eliminate the prejudicial joinder and ensure Mr. Holmes receives a fair trial.

Dated: December 13, 2021                    Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

   */s/ Sabrina P. Shroff*

Sabrina P. Shroff
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500