UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA : 

       v.                 :         21-CR-416-02 (RDM)

NATHANIEL L. HOLMES      :

### DEFENDANT HOLMES'S MOTION TO COMPEL DISCOVERY

Mr. Nathaniel L. Holmes, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 16, to compel the government to produce complete electronic copies of (1) the extraction of the complaining witness's cell phone obtained by the Metropolitan Police Department (MPD) on April 22, 2022, and (2) the extraction of the same cell phone obtained by the Federal Bureau of Investigation (FBI) in May 2022. Although the government has produced some information contained in these extractions, the government has refused to produce complete copies. The full extractions are material and necessary to the preparation of the defense and contain information that has not been produced but is material to the defense. In support of this motion, counsel submits the following:

    1. On April 22, 2021, with the consent of the complaining witness, MPD officers electronically extracted all of the data, including video and audio files, from the complaining witness's cell phone. This MPD extraction contains a PDF report and links to associated native files. *See* ECF 145-1 at 3.

    2. In May 2021, with the consent of the complaining witness, FBI agents electronically extracted all of the data, including video and audio files, from the complaining witness's cell

phone. This FBI extraction contains a Cellebrite reader, through which reports and associated files may be generated. ECF 145-1 at 3.

3. On June 16, 2022, Mr. Holmes was arrested on a complaint charging him with kidnapping, in violation of 18 U.S.C. § 1201(a), and first degree sexual abuse, in violation of 22 D.C. Code § 3002. Codefendants Demarco L. Allgood, Malik T. Hill, and Donaesha H. Hawkins were also charged with kidnapping offenses. On June 26, 2022, a grand jury returned an indictment charging the same defendants and offenses as those charged by complaint. On January 13, 2022, another grand jury returned a superseding indictment charging Mr. Holmes with kidnapping of a minor and aiding and abetting, in violation of 18 U.S.C. § 1201(a)(1), 1201(d), 1201(g), and 2, and two counts of first degree sexual abuse, in violation of 22 D.C. Code § 3002. Codefendants Allgood, Hill, and Hawkins were also charged in the superseding indictment with kidnapping offenses.

4. On September 2, 2021, the government first produced a 51-page PDF of a Cellebrite report from the FBI extraction and a 54-page PDF of a Cellebrite report from the MPD extraction. *See* ECF 54-1. These reports contain some of the information on the complaining witness's cell phone "[d]ated 9:20 p.m. on April 20, 2021 to 7:07 p.m. on April 22, 2021." *See* ECF 54-1 at 3 n.4. Associated files were not provided.

5. On September 15, 2021, the government produced six of the many videos that were recovered from the complainant's cell phone. *See* ECF 56-1.

6. On January 5, 2021, the government produced contacts between the complaining witness and her deceased boyfriend that were extracted from the complainant's cell phone and a 2,004 page PDF of a Cellebrite report from the cell phone, including a redacted image. *See* ECF 78-1. The 2,004 page PDF was just a portion of the full report.

7. In a second letter dated January 5, 2021, the government offered to make the full cell phone extractions available for viewing at the United States Attorney's Office during the second week of January.

8. On February 3, 2022, the government produced one other video from the complainant's cell phone. *See* ECF 123-1 at 12.

9. On February 4, 2022, undersigned counsel's investigator viewed the extractions at the United States Attorney's office and requested the production of specific video files and all audio files. In response, two months later, on March 30, 2022, the government produced all audio files from both extractions. *See* ECF 145-1. The government noted:

> Regarding the video files, the government is providing the specifically requested files for the FBI extraction only (the one viewed by defense). As to the remaining files, *until* the government has completed a full review of the video and images from both the MPD and the FBI extractions, defense may review at our office.

*Id.* at 3 (emphasis added). Mr. Holmes's counsel understood from this representation that the government would produce the full extraction after its review—in time for the defense to use the full extractions in preparation for and at trial.

10. On June 10, 2022, in preparation for trial, undersigned counsel viewed the extractions at the United States Attorney's Office. In doing so, counsel learned that the full extractions contain information that has not been produced to the defense but is material to the defense and necessary for cross-examination of the complaining witness. In addition, unlike the portions of the extractions produced to the defense, the full extractions also provide links to corresponding files, enable the production of additional reports, and allow viewing of text messages in a format that is easier to view and compare to other data.

3

11. While at the United States Attorney's Office on June 10, 2022, undersigned counsel asked government counsel when the government intended to complete its review and produce the full extractions to the defense. Government counsel then stated that the government decided not to produce the extractions and that the defense would only be able to view the full extractions at the United States Attorney's Office. According to government counsel, there are approximately five images that may constitute child pornography. Undersigned counsel did not see the images, and it was unclear whether the government was representing that these images in fact constitute child pornography under Federal or District of Columbia law. *See* 18 U.S.C. § 2256(8) (defining "child pornography" as images depicting a minor engaging in sexually explicit conduct). According to government counsel, the entire extraction cannot be produced to the defense because the government cannot redact these images in way that could absolutely guarantee that the images did not remain on the extractions as a thumbnail image at some location within the file.

12. Limiting the defense's access to the cell phone extractions to viewing at the United States Attorney's Office is not sufficient access. Most importantly, some of the material on the cell phone extractions that is currently only available at the United States Attorney's Office is necessary for the cross-examination of the complaining witness. The defense should not be required to identify that information to the government in order to obtain it for use during cross-examination. In addition, until the complaining witness testifies, defense counsel will not know everything that is needed from the cell phone extractions for cross-examination; defense counsel will need access to these materials during trial.

13. The format of the materials produced to the defense compared to the format of the materials at the United States Attorney's Office is materially different, allowing for easier and

more comprehensive access to the materials. Viewing and accessing this format only at the United States Attorney's Office is unworkable. Trial preparation is an ongoing process and counsel needs access to information on the extractions as she prepares and learns additional information. In addition, undersigned counsel spent approximately three hours at the United States Attorney's Office on June 10, 2022, and much of the time was spent waiting for the initial loading of the file and waiting for individual reports to load. Toward the end of the three hours, the entire program froze, and the computer required rebooting. To continue viewing, counsel would have been required to wait again for the full file to load. Even if running the file on counsel's office computers would take as long as the computer provided by the United States Attorney's Office, which seems unlikely, counsel could do other trial preparation while waiting for these large files to load, if the extraction was available at her own office.

14. Finally, while requiring viewing only at the United States Attorney's Office may be appropriate in cases involving large amounts of clearly identified child pornography that cannot be redacted, that is not the situation at issue here. Here, government counsel has identified a few images that may—or may not—be child pornography, images taken by the complainant of herself when she was 16 years old and sent the images to her boyfriend. These images are identifiable and can be redacted from the extracts before they are produced to the defense, as government counsel apparently planned to do as of the February 4, 2022 discovery letter to defense counsel.

15. To the extent that the government is concerned that a thumbnail of the image could be missed during the redacting process, the material could be produced to the defense pursuant to a Protective Order, limiting access to the full file to defense counsel and requiring counsel to

immediately notify government counsel and return the extractions to the government for further redactions, if such thumbnails are discovered.

16. The government seeks to impair the preparation of the defense in order to protect against the remote possibility that a thumbnail of an image that may (or may not) constitute child pornography will inadvertently be disclosed. On balance, doing so would violate Rule 16 and Mr. Holmes's right to due process and the ability to adequately present his defense.

WHEREFORE, for the foregoing reasons, and such other reasons as may be presented at a hearing on this motion, Mr. Holmes moves this Honorable Court to compel the government to produce complete electronic copies of the MPD and FBI extractions of the complaining witness's cell phone.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500